**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

LARRY ALTAMIRANO SERMENO,

        Plaintiff,

   v.

CALIFORNIA LEGISLATURE., et al.,

        Defendants.

Case No. 1:18-cv-01446-LJO-EPG (PC)

**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO STATE A FEDERAL CLAIM**

(ECF NO. 1)

**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS**

      Plaintiff, Larry Altamirano Sermeno, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 18, 2018. (ECF No. 1.) Plaintiff challenges California statutes that he alleges allow state courts to delay consideration of and decisions on state habeas corpus petitions. Because the Court finds that the Complaint fails to state a cognizable claim under § 1983, the Court recommends that this action be dismissed.

      Plaintiff has twenty-one days to file objections to these findings and recommendations, which will be reviewed by the district judge assigned to this case.

**I.    SCREENING REQUIREMENT**

      The Court is required to screen complaints brought by inmates seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility. He challenges California statutes that he alleges allow state courts to delay consideration of and decisions on state habeas corpus petitions. Specifically, he alleges,

> The California Legislature has enacted statutes for the processing and review of habeas corpus petitions that allow for up to 90 plus days to process, review, and make an initial decision on them. The statutes under California law do not provide for a time limit on the proceedings as a whole if informal briefing or an order to show cause is issued. These statutes are illegal on their face and as applied, violating due process."

(ECF No. 1 at 4.)

Plaintiff alleges that the "state statutes allow for undue delay that is preemptively prohibited by federal law," and that, as a result, "the delay for the writ is too long," and "undue."

Plaintiff names as the Defendant the California Legislature, and indicates that he intends to also name as Defendants the representatives and lawmakers of the State of California. (ECF No. 1 at 1-2.)

## III.     DISCUSSION

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other

proper proceeding for redress....

42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").

Neither a state nor "arms of the State" are "persons" within the meaning of § 1983. *See Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989)). Accordingly, the California Legislature is not an appropriate party to this action and the Complaint fails to state a cognizable§ 1983 against the California Legislature.

Further, state legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities. *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951); *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). Accordingly, the representatives and lawmakers of the State of California are immune from liability, and the Complaint fails to state a cognizable § 1983 claim against these Defendants.

Finally, to the extent Plaintiff seeks to challenge an aspect of his conviction or sentence, that challenge should be made through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement").

## IV.    NO LEAVE TO AMEND

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is *pro se*. *See id.* at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its

3

deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *Cato*, 70 F.3d at 1005-06.

After careful consideration, the Court finds that Plaintiff's allegations against Defendants cannot establish a plausible § 1983 claim as a matter of law and amendment would be futile.

**V.    RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Plaintiff's claims be DISMISSED for failure to state a claim; and

2.  The Clerk of Court be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 28, 2019**                    /s/ *Erica P. Grosjean*
                                                    UNITED STATES MAGISTRATE JUDGE

4